DILLON *v.* LEVEE DISTRICT No. 1.

4-4954

Opinion delivered February 21, 1938.

*Charles C. Eddy,* for appellant.
*E. A. Williams,* for appellees.

McHANEY, J. This action was begun by appellee, Levee District No. 1, acting through its board of commissioners, to condemn certain lands belonging to appel-

lant and others for a levee right-of-way. After describing the lands owned by appellant, the petition recited that a map of said lands and line of levee over same was attached as an exhibit, and that the line of the levee was further shown by stakes set in the ground by the engineers of the district. Appraisers were appointed, qualified, and made an appraisement, showing damage to appellant for the taking of three-fifths of an acre of her land valued at $60 per acre, or a total of $36. Appellant filed exceptions to the report and the parties thereafter compromised the matter in which she was paid $50 in full for all damages claimed for a right-of-way over her land, as well as damages to crops and other damage. Thereafter, appellee constructed a portion of said levee, what it refers to as the new line and back to the old line of levee, and ran out of funds, this being a WPA project. Additional funds were secured and work resumed on the old line of levee when appellant refused to permit the work to be done. Appellee secured a restraining order against her in chancery and the work was completed. On final hearing the injunction was dissolved and the whole matter transferred to the circuit court. Appellee then had the appraisers make another appraisal of her damages, and they reported an additional $10 damage. While this was going on, appellant filed suit in the circuit court for additional damages for land taken, damages to crops and for failure to install sufficient drainage under the levee constructed. Both cases were consolidated, and a trial resulted in a verdict and judgment for appellee.

For a reversal of this judgment, appellant makes three contentions: 1, that the court should have granted a new trial, or should have sent the jury to view the levee as constructed because, as she contends, she was surprised by proof to the effect that a portion of the levee was constructed on an old levee built in 1904 or 1905, on a right-of-way acquired by the district at that time; 2, that the verdict and judgment were without substantial evidence to support them; and 3, error in certain instructions given by the court.

We cannot agree with appellant in any of these contentions. As to the proof regarding the old levee, appellant's counsel asked his first witness whether a levee had ever been built on appellant's land prior to this one and he answered in the negative. Appellee was permitted to prove, without objection, that there had been a levee built there in 1904 or 1905, and that a portion of the new levee consisted in raising the height of the old. So, if it could be said to be error, it was invited and appellant cannot be heard to complain. It is also said that the pleadings did not mention an old levee. Even so, when proof is admitted without objection, pleadings will be treated as amended to conform to the proof. The matter of sending the jury out to view the levee rested in the sound discretion of the trial court, and no abuse of discretion is shown.

2. We think the evidence ample to support the verdict. Appellant was confronted at all times with her settlement, freely and voluntarily made, wherein she was paid $50 for damages appraised at $36. The appraisers allowed her $10 more on a second view, and this amount was tendered her in court and refused. The evidence as to whether a portion of the new levee was constructed over an old one on a right-of-way acquired prior to appellant's ownership was in dispute, but there is ample evidence to support the jury's verdict.

3. As to the instructions about which complaint is made, we think no error was committed. Instructions 1, 4 and 5 are criticized. Only a general objection was made to these instructions. No. 1 is a mere statement of the issues. No. 4 told the jury that if appellant had settled for all the right-of-way, she could not recover; that the burden was on appellee to show this fact; and that if there was no settlement, then the next question for them to determine was whether appellant was damaged, and, if so, how much. We think this was a correct declaration. The criticism of No. 5 is a suggested change in the language used, which would not be available on a general objection.

We find no error, and the judgment is affirmed.